### MOFFAT vs. VION.

*APPEAL FROM THE COURT OF THE FIRST DISTRICT.*

For damages caused by the theft or robbery of a slave, the owner may be prosecuted civilly, previous to a criminal prosecution; and execution will regularly issue on the judgment, unless within three days after its rendition the slave be abandoned.

The defendant's slaves had stolen from the store of the plaintiff a quantity of dry goods, to recover the value of which this suit was brought.

The defendant excepted that the slaves were not named in the petition, and that no previous criminal prosecution had taken place. The judge *a quo* sustained these exceptions and dismissed the petition. The plaintiff appealed.

MATHEWS, J. delivered the opinion of the court.

This is a suit against the owner of slaves to recover the value of certain merchandise as a remuneration for the damage occasioned to the plaintiff by a theft or robbery committed by said slaves.

The defendant *in limine litis*, pleaded two exceptions to the action. First, that the slave or slaves who were alleged as having stolen the property, were not named in the petition. Second, that the plaintiff could not maintain the present

suit until after he had prosecuted to conviction in some court having jurisdiction of the matter, as a public offence.

EASTERN DIS.
*March*, 1833.

MOFFAT
*vs.*
VION,

The court below sustained these exceptions, and the plaintiff appealed.

In the course of argument before this court, no reliance was placed on the first exception; and from the view which we have taken of the whole case, it is unnecessary to give any opinion on it.

In support of the correctness of the decision of the District Court in relation to the second, reliance is placed on an act of the late territorial legislation, making a part of the Black Code. The twenty-second section of this law imposes an obligation on owners of slaves to pay for the damages caused by thefts or robberies committed by the latter, leaving it optional with the former to abandon such slaves to the persons robbed in discharge of the obligation thus imposed; and the choice of abandonment is limited to five days from the day when sentence shall have been pronounced.

If this law stood in full force, or if its provisions had not been impaired and altered by subsequent laws, the decision of the court below would probably be correct. But the *Louisiana Code* contains provisions on the same subject different from those of the article above cited, more full and explicit than the prior law. Article one hundred and eighty declares, that the owners are answerable in damages for the offences and *quasi* offences of their slaves. The article immediately following, gives the same option of abandonment (contained in the Black Code,) of the offending slave to the person injured, but provides that such abandonment shall be made within three days after the judgment awarding such damages shall have been rendered.

Under the former law, in a prosecution for the public offence, the amount of damages sustained by the individual robbed, could not necessarily be ascertained, and before that was done the owner of the slave offending, could have no criterion by which to determine whether it might be prudent to abandon or not. And perhaps as the law was previous to the promulgation of the *Louisana Code*, the injured person

EASTERN DIS.
March, 1833.
═══════════
BARON
vs.
BREEDLOVE
ET AL.
would have been compelled to pursue his claim for damages both by public prosecution and private suit. But neither the prior or posterior laws imperatively prescribe it as a duty on him to vindicate the offence as a crime against the public. Perhaps according to the provisions of the old law he could not have enforced his private rights without the aid of a conviction on account of the offence. But in pursuance of the articles of the Code, we are of opinion, that a person who suffers damages by the theft or robbery of a slave, may proceed immediately and directly against the owner of such slave and obtain a judgment in the civil suit to ascertain the amount of damages without a previous criminal prosecution, and that on a judgment thus rendered, an execution would regularly issue unless the owner of the slave should choose to abandon within three days after the rendition of the judgment.

*For damages caused by the theft or robbery of a slave, the owner may be prosecuted civilly, previous to a criminal prosecution, and execution will regularly issue on the judgment unless within three days after its rendition the slave is abandoned.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled; and it is further ordered, that this case be sent back to said court, to be proceeded in *de novo* according to law, and that the costs of this appeal be paid by the defendant and appellee.